**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117398

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| Jacob Friedman, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>               vs.<br><br>Capital Accounts, LLC,<br><br>                              Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Jacob Friedman, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Capital Accounts, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Jacob Friedman is an individual who is a citizen of the State of New York residing in Orange County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Capital Accounts, LLC, is a Tennessee Limited Liability Company with a principal place of business in Williamson County, Tennessee.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696;  15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated August 3, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

32. The Letter conveyed information regarding the alleged Debt.

33. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. Interest was not accumulating on the Debt at the time the Letter was sent.

35. Interest was not accumulating on the Debt at the time the Debt was with Defendant.

36. Fees were not accumulating on the Debt at the time the Letter was sent.

37. Fees were not accumulating on the Debt at the time the Debt was with Defendant.

38. The Letter sets forth, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection.  For further information, write the undersigned or call 800-983-4730."

39. The above-referenced statement would lead the least sophisticated consumer to believe that the Debt was accruing interest.

40. The above-referenced statement would lead the least sophisticated consumer to believe that the Debt was accruing late fees.

41. The inclusion of the above-referenced statement, when the debt was not accruing interest at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

4

42. The inclusion of the above-referenced statement, when the debt was not accruing interest at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

43. The inclusion of the above-referenced statement, when the debt was not accruing late fees at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

44. The inclusion of the above-referenced statement, when the debt was not accruing late fees at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

45. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

46. For these reasons, Defendant violated 15 U.S.C. § 1692e

## CLASS ALLEGATIONS

47. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

48. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

49. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

50. The Class consists of more than thirty-five persons.

51. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: August 2, 2019

                      **BARSHAY SANDERS, PLLC**

                      By: _/s/ *Craig B. Sanders*
                      Craig B. Sanders, Esquire
                      100 Garden City Plaza, Suite 500
                      Garden City, New York 11530
                      Tel: (516) 203-7600
                      Fax: (516) 706-5055
                      csanders@barshaysanders.com
                      *Attorneys for Plaintiff*
                      Our File No.: 117398