UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JACOB FRIEDMAN, individually and on
behalf of all others similarly situated,

                              Plaintiff,

          -against-

CAPITAL ACCOUNTS, LLC,

                              Defendant.
--------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

19 Civ. 07262 (VB)(JCM)

To the Honorable Vincent L. Briccetti, United States District Judge:

        Plaintiff Jacob Friedman ("Plaintiff") commenced this putative class action against

Defendant Capital Accounts, LLC ("Defendant"), alleging violations of the Fair Debt Collection

Practices Act ("FDCPA"). (Docket No. 1).  On September 16, 2019, the Clerk entered a

certificate of default against Defendant. (Docket No. 9).  On November 19, 2019, Plaintiff

moved by order to show cause for a default judgment and requested statutory damages,

attorneys' fees and costs. (Docket Nos. 12-16).  For the reasons set forth below, the Court

respectfully recommends denying Plaintiff's motion for a default judgment and request for

statutory damages, attorneys' fees and costs.

## I.  BACKGROUND

## A.  Factual History

        On August 3, 2018, Defendant sent a two-page collection letter (the "Letter") to Plaintiff

concerning a past due debt. (Docket No. 1 ¶¶ 30-31).  On the first page, the Letter states that

Plaintiff has "not made satisfactory payment arrangements to pay [the] delinquent debt." (Docket

No. 1-1).  The Letter lists Plaintiff's account number, an outstanding balance of $162.00, and an

"Amount Due Now" of $162.00. (*Id.*).  The second page of the Letter states:

> Because of interest, late charges, and other charges that may vary
> from day to day, the amount due on the day you pay may be greater.
> Hence, if you pay the amount shown above, an adjustment may be
> necessary after we receive your payment, in which event we will
> inform you before depositing the payment for collection.  For further
> information, write the undersigned or call 800-983-4730.

(*Id.* at 2).

## B.  Procedural History

On August 2, 2019, Plaintiff commenced this putative class action against Defendant alleging violations of the FDCPA. (Docket No. 1).  Defendant failed to appear and defend this action, which resulted in the Clerk of the Court entering a certificate of default on September 16, 2019. (Docket No. 9).  On November 19, 2019, Plaintiff filed a motion by order to show cause for a default judgment and requested statutory damages, attorneys' fees and costs. (Docket Nos. 12-16).  On December 3, 2019, the Honorable Vincent L. Briccetti issued an order directing Defendant to appear on January 3, 2020 to show cause why a default judgment should not be entered. (Docket No. 17).  Defendant failed to appear on January 3, 2020, and on the same date, the Honorable Vincent L. Briccetti referred the motion to the undersigned for a Report and Recommendation. (Docket No. 19).

## II. DISCUSSION

## A.  Standard of Review

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, which establishes a two-step process for obtaining a judgment against a defaulting party. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011); *Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS)(SIL), 2015 WL 520346, at *2-3 (E.D.N.Y. Feb. 9, 2015) (applying Rule 55 in the FDCPA context).  First, "the Clerk of the Court enters a default against the party that has failed to plead or otherwise defend the action." *Coburn*, 2015 WL 520346, at *2; Fed. R.

Civ. P. 55(a).  Second, the party seeking a default judgment must apply to the court pursuant to Rule 55(b)(2). Fed. R. Civ. P. 55(b)(2); *Coburn*, 2015 WL 520346, at *2.

A court resolving a motion for default judgment applies the same standard as a court resolving a Rule 12(b)(6) motion to dismiss. *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014) (finding that the district court "properly applied an identical standard" in assessing a motion to dismiss and a motion for entry of default judgment).  Thus, a court accepts the well-pleaded factual allegations in the complaint as true and draws all inferences in favor of the moving party.[1] *See, e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *Galeana*, 120 F. Supp. 3d at 312. Furthermore, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  Once a default is entered, the district court must determine whether "the alleged facts constitute a valid cause of action." *Au Bon Pain Corp.*, 653 F.2d at 65; *see Galeana*, 120 F. Supp. 3d at 313 ("[S]ince the allegations in the complaint must be well-pleaded, we are required to examine whether those factual allegations, if deemed true, establish liability.") (internal quotation marks and citations omitted).

## B.  The Fair Debt Collection Practices Act

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

---

[1] "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  Rather, the plaintiff must establish damages through affidavits or other evidence, "ensuring that there was a basis for the damages specified in the default judgment." *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 311 (S.D.N.Y. 2014) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)).

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  A debt collector who fails to comply with the FDCPA is subject to civil liability. *Id.* § 1692k(a).  Successful plaintiffs may recover a maximum of $1,000 in statutory damages, and counsel for the prevailing party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.* § 1692k(a)(2)(A), (3).

To state a claim under the FDCPA, the plaintiff must satisfy three threshold requirements: "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements."[2] *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (quoting *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)).

In evaluating FDCPA claims, courts apply an objective standard based on whether the "least sophisticated consumer" would be deceived by the collection letter. *See Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e."); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The most widely accepted test for determining whether a collection letter violates § 1692e is an objective standard based on the "least sophisticated consumer.").  The trend in the Second Circuit is to treat the least

---

[2] Plaintiff alleges that he is a "consumer," as defined by 15 U.S.C. § 1692a(3), (Docket No. 1 ¶ 7), and that Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6), (*id.* ¶ 13).  The Court accepts these allegations as true for purposes of resolving this motion. *See Finkel*, 577 F.3d at 84 ("The court must accept as true all of the well-pleaded factual allegations in the complaint[.]").

sophisticated consumer standard as a question of law that can be resolved at the pleadings stage.
*See Mun v. Midland Credit Mgmt., Inc.*, No. 19-CV-4206 (VB), 2019 WL 6729326, at *3
(S.D.N.Y. Dec. 11, 2019); *see also Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, 14-CV-
7539 (MKB), 2016 WL 1274541, at *4 (E.D.N.Y. Mar. 31, 2016); *Greco v. Trauner, Cohen &
Thomas, L.L.P.*, 412 F.3d 360, 366 (2d Cir. 2005) (finding that the district court properly
dismissed an FDCPA claim as a matter of law based on the language of the collection letter).
The Second Circuit has further explained that a collection letter is deceptive if it "is sufficiently
ambiguous to give rise to a reasonable, but inaccurate, interpretation." *Kolbasyuk*, 918 F.3d at
239. "[C]ourts have carefully preserved the concept of reasonableness" and decline to impose
liability for "bizarre or idiosyncratic interpretations" of collection letters. *Clomon*, 988 F.2d at
1319-20. Thus, even the least sophisticated consumer is "presumed to possess a rudimentary
amount of information about the world and a willingness to read a collection notice with some
care." *Id.* at 1319.

      The Second Circuit recently adopted a materiality requirement in FDCPA cases, holding
that "a false statement is only actionable . . . if it has the potential to affect the decision-making
process of the least sophisticated [consumer]." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897
F.3d 75, 85 (2d Cir. 2018) (internal quotation marks and citations omitted). "[M]ere technical
falsehoods that mislead no one are immaterial and consequently not actionable under § 1692e."
*Id.* at 86 (internal quotation marks and citations omitted). Nevertheless, "communications and
practices that could mislead a putative-debtor as to the nature and legal status of the underlying
debt, or that could impede a consumer's ability to respond to or dispute collection, violate the
FDCPA." *Id.* (quoting *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d
Cir. 2012)).

**C.  Plaintiff's Claims**

Plaintiff claims the Letter violates the FDCPA for four reasons: (1) it is deceptive because it can reasonably be read by the least sophisticated consumer to believe that interest or late fees were accruing when they were not, (Docket No. 1 ¶¶ 39-45); (2) it falsely represents the character, amount, or legal status of the debt, (Docket No. 16, at 12); (3) it threatens to take an action that cannot legally be taken or is not intended to be taken, (*id.* at 13); and (4) it creates a false sense of urgency, (*id.*).  Section 1692e of the FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  The statute includes sixteen subsections that contain a list of conduct that violates the statute – this list is not exhaustive. *Id.*; *see also Clomon*, 988 F.2d at 1318 ("Because the list in the sixteen subsections is non-exhaustive, a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections of § 1692e.").

**1.  Section 1692e**

Plaintiff alleges that the Letter violates Section 1692e because it is deceptive and "can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate." (Docket No. 1 ¶ 45).  Specifically, Plaintiff contends that the Letter "would lead the least sophisticated consumer to believe that the alleged debt was accruing interest or late fees when, in fact, it was not." (Docket No. 16, at 12).  Plaintiff explains that although interest and fees were not accumulating on the debt at the time the Letter was sent or at the time the debt was with the Defendant, the Letter nevertheless created the false impression that they were accruing. (Docket No. 1 ¶¶ 34-37, 39-40).

The Letter specifically states, in relevant part, "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater," and that "if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection." (Docket No. 1-1, at 2).  This mimics the "safe harbor" language adopted by the Second Circuit in *Avila v. Reixinger & Associates, LLC*, 817 F.3d 72, 77 (2d Cir. 2016).  In *Avila*, the Second Circuit held that a collection letter is misleading if it reveals the current balance but "[does] not disclose that the balance might increase due to interest and fees." *Id.*  The Circuit explained that its decision "best achieves the Congressional purpose of full and fair disclosure" embodied in Section 1692e and also protects consumers "who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Id.* at 76.  In an effort to strike this balance and to minimize FDCPA litigation, the Circuit adopted the following "safe harbor" language:

> As of the date of this letter, you owe $_____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id.* at 77 (quoting *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000)).  The Circuit explained that debt collectors who use the safe harbor language will not be subject to liability under Section 1692e, "provided, of course, that the information [the debt collector] furnishes is accurate[.]" *Id.* (quoting *Miller*, 214 F.3d at 876). Despite Defendant's use of the "safe harbor" language in the Letter, Plaintiff contends that "this is a reverse-*Avila*" case and that Defendant violated the FDCPA because it used "language which warns a consumer that her debt is increasing when, in fact, it is not." (Docket No. 16, at 13).

Plaintiff's claim is unavailing.  As a threshold matter, the "unambiguous disclosure of the potential that [Plaintiff's] debt might increase vitiates [Defendant's] attempted analogy to *Avila*." *Kolbasyuk*, 918 F.3d at 242; *see, e.g.*, *Morgan v. Northstar Location Servs., LLC*, No. 2:18-CV-02485(ADS)(AKT), 2019 WL 3531461, at *5 (E.D.N.Y. Aug. 1, 2019) (dismissing plaintiff's FDCPA claim because the language plaintiff "takes issue with comes directly from the *Avila I* safe harbor"); *Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 17-CV-4472, 2018 WL 1582220, at *4 (E.D.N.Y. Mar. 30, 2018) (dismissing plaintiff's FDCPA claim because "the only language that [plaintiff] has alleged to be false, deceptive, or misleading is substantively identical to the *Miller* language endorsed in *Avila*").  Thus, to state a claim under Section 1692e, Plaintiff must allege that Defendant's use of the *Avila* safe harbor provision was misleading because interest or late fees could not be legally imposed.  Plaintiff fails to do so.  (*See generally* Docket No. 1).  Accordingly, Plaintiff's Section 1692e claim fails as a matter of law. *See, e.g.*, *Avila v. Reliant Capital Sols., LLC*, 771 F. App'x 46, 47 (2d Cir. 2019) (summary order) (affirming district court's dismissal of plaintiff's FDCPA claims because the defendant's "letter was not inaccurate in stating that 'late charges and other charges' were possible"); *cf. Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 370 (7th Cir. 2018) (holding that "although the [*Avila*] language is not misleading or deceptive on its face," because the debt collector could not lawfully impose "late charges and other charges" under Wisconsin law it is not immune from liability).

Furthermore, even assuming, *arguendo*, that Plaintiff sufficiently pled that the Letter was misleading, his claim would still fail because the Letter "would not have caused even a highly unsophisticated consumer to suffer a disadvantage in charting a course of action in response to the collection effort." *Cohen*, 897 F.3d at 86.  The Letter explicitly states that the balance and

"Amount Due Now" is $162.00, (Docket No. 1-1), and Plaintiff acknowledges that his debt was not and had not accrued interest or late fees, (Docket No. 1 ¶¶ 34-37).  Thus, prompt payment of the amount stated in the Letter *would* have satisfied Plaintiff's debts.  As the Second Circuit recently recognized, the "only harm . . . a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214 (2d. Cir. 2018).  This type of "harm is immaterial for FDCPA purposes." *Mun*, 2019 WL 6729326, at *3 (internal quotation marks omitted); *see also* S. Rep. No. 95-382, at 2 (1977) (stating that the FDCPA is intended to address "[c]ollection abuse . . . including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to [others], obtaining information, impersonating public officials and attorneys, and simulating legal process.").

Accordingly, the Court respectfully recommends finding that Plaintiff failed to allege facts sufficient to support his claim under Section 1692e's general prohibition against false, deceptive, or misleading representations.

## 2.  Section 1692e(2)(A)

Plaintiff also alleges that the Letter violates Section 1692e(2)(A) because it falsely represents the character, amount, or legal status of the alleged debt. (Docket No. 16, at 12).  Subsection 1692e(2)(A) prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).  To state a claim under Section 1692(e)(2)(A), a plaintiff must allege that the amount sought by the debt collector is incorrect. *Dick v. Enhanced Recovery Co., LLC*, 15-CV-2631 (RRM)(SMG), 2016 WL 5678556, at *7 (E.D.N.Y. Sept. 28, 2016) (citing *Pifko v. CCB Credit Servs., Inc.*, No. 09-CV-3057 (JS), 2010 WL 2771832, at *5

(E.D.N.Y. July 7, 2010)).  Thus, "it is an essential element of Plaintiff's case to show that [the Defendant] misrepresented the amount of the debt." *Id.* (internal quotation marks omitted).

Plaintiff fails to state a claim under Section 1692e(2)(A) because the Letter states the debt is $162.00, (Docket No. 1-1), an amount that Plaintiff does not allege to be incorrect, (*see* Docket No. 1).  Additionally, and as discussed *supra*, Section II.C.1, Plaintiff does not allege that Defendant could not lawfully collect interest or fees in the future.  Plaintiff simply asserts that the least sophisticated consumer *would believe* that the debt is accruing interest and fees. (Docket No. 16, at 12).  However, courts do not impose liability on debt collectors for these kinds of unreasonable misinterpretations of collection letters. *Clomon*, 988 F.2d at 1320.  Accordingly, the Court respectfully recommends finding that Plaintiff fails to state a claim under Section 1692e(2)(A).

### 3.  Section 1692e(5)

Plaintiff further argues that the Letter violates Section 1692e(5) "to the extent the disclosure indicating that the alleged Debt will increase is a 'threat to take any action that cannot legally be taken or that is not intended to be taken.'" (Docket 16, at 13 (quoting 15 U.S.C. § 1692e(5)).  Subsection 1692e(5) prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).  To state a claim under this subsection, "courts consider two elements: (1) whether, from the perspective of the least sophisticated consumer, the debt collector threatened to take action and (2) whether the allegedly threatened action could not legally be taken or was not intended to be taken." *Moukengeschaie*, 2016 WL 1274541, at *4.  The language of the collection letter, as a whole, must leave the unsophisticated consumer with the impression that "some type of legal action has already been or is about to be initiated and can be averted from running its course only by

payment." *Piliples v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989); *see also Gervais v. Riddle & Assocs., P.C.*, 479 F. Supp. 2d 270, 274 (D. Conn. 2007) ("Consistent with this focus on 'imminence,' some courts have held that even where communications specifically refer to legal action, a threat does not exist where the references are couched in terms of mere possibility.").

The Letter does not threaten legal action. Rather, it states that the amount due *may* increase based on interest, late charges, and other charges. (Docket No. 1-1, at 2). "Such equivocal statements do not give rise to liability under Section 1692e." *Avila*, 644 F. App'x at 22. Furthermore, and as discussed *supra*, Section II.C.1, multiple courts have explicitly approved the *Avila* safe harbor language. *See, e.g.*, *Kolbasyuk*, 918 F.3d at 242; *Morgan*, 2019 WL 3531461, at *5; *Timoshenko*, 2018 WL 1582220, at *4. Accordingly, the Court respectfully recommends finding that Plaintiff fails to state a claim under Section 1692e(5).

### 4. False Sense of Urgency Claim

Plaintiff's final argument is that the Letter violates the FDCPA "by creating a false sense of urgency." (Docket 16, at 13). In support of this claim, Plaintiff cites to *Rosa v. Gaynor*, 784 F. Supp. 1, 4 (D. Conn. 1989).

In *Rosa*, the court found that a collection letter which stated, "we may be forced to proceed with a lawsuit," violated the FDCPA because it gave the false impression that the defendant could and would immediately file suit in jurisdictions where the defendant was neither licensed to practice nor authorized to file suit. *Id.* The court explained that "[e]ither interpretation gives the impression that defendant will take action he cannot take and so creates a false sense of urgency" and thus found that the letter served no purpose other than to bully the

debtor. *Id.*  Moreover, because the letter was printed on an attorney's letterhead, the court found that this further "reinforced th[e] unnecessary panic." *Id.* at 5 (alterations added).

   None of the factors in *Rosa* are present in the instant case.  Here, the Letter was sent on Defendant's letterhead—not that of an attorney—and it lists the outstanding balance along with instructions for repaying the debt. (Docket No. 1-1).  The Court finds that even the least sophisticated consumer would not conclude that the Letter created "a false sense of urgency." Accordingly, the Court respectfully recommends finding that Plaintiff fails to state a claim that the Letter violates the FDCPA by creating a false sense of urgency.

## III.  CONCLUSION

   For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment and request for statutory damages, attorneys' fees and costs, (Docket Nos. 12-16), be denied with prejudice and that the Complaint be dismissed in its entirety.

## IV.  NOTICE FOR REPORT AND RECOMMENDATION

   Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from the receipt of this Report and Recommendation to serve and file written objections.  If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of the same to file and serve written objections. *See* Fed. R. Civ. P. 6(d).  Objections and responses to objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Requests for extensions of time to file objections must be made to the Honorable Vincent L. Briccetti and not to the undersigned.  Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be rendered.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).

Dated:  April 21, 2020
        White Plains, New York

                                 **RESPECTFULLY SUBMITTED,**

                                 _____
                                 JUDITH C. McCARTHY
                                 United States Magistrate Judge